**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LUTHER E. GARDNER, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 05-02129 |
| ) | |
| ENVIRO TECHNOLOGIES, INC., et. al, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Gregg Baldwin's motion to dismiss. (Doc. 9). The motion has been fully briefed and is ripe for decision. (Docs. 10, 13, 14). For reasons herein, defendant Baldwin's motion is GRANTED.

**I. FACTS**

On April 14, 2003, plaintiff, a semi truck driver, delivered ATV tires and wheels to defendant Enviro Technologies, Inc., (ETI). In order to complete delivery, defendant Baldwin's father, an employee of ETI, obtained a ladder for plaintiff to use to unload the tires. While unloading, plaintiff fell from the ladder and sustained injuries. Plaintiff has alleged that defendant Baldwin's father was negligent by failing to warn plaintiff of the dangerous condition of the ladder and by failing to hold the ladder while plaintiff was unloading ETI's goods. Plaintiff's complaint names both ETI and Greg Baldwin as defendants.[1]

Defendant Baldwin seeks dismissal pursuant to Fed. R. Civ. P.

---

[1] Plaintiff has not named defendant Baldwin's father as a defendant.

12(b)(6) on the basis that plaintiff has failed to allege any facts of Baldwin's personal involvement.

## II. Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  See Robinson, 117 F. Supp.2d at 1129.

## III. ANALYSIS

Besides alleging that defendant Baldwin is the owner of ETI, plaintiff's complaint is devoid of any allegations of Baldwin's personal involvement.  Rather, the complaint asserts that Baldwin is liable because of his role as owner/shareholder of ETI.

-2-

This is a diversity case.  Kansas law provides:

> (a) When the officers, directors or stockholders of any corporation shall be liable by the provisions of this act to pay the debts of the corporation, or any part thereof, any person to whom they are liable may have an action against any one or more of them. The petition in any such action shall state the claim against the corporation and the ground on which the plaintiff expects to charge the defendants personally.
>
> (b) No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which he is an officer, director or stockholder, until judgment be obtained therefor against the corporation and execution thereon returned unsatisfied.

K.S.A. § 17-7101.

Recently, Judge Wesley Brown determined that officers of a corporation must be dismissed after a failure to allege any exception to the applicable statute.

> The debts of a corporation are not the individual indebtedness of its stockholders, directors or officers. The exceptions to the above rule include when the officer willfully participated in acts of fraud or deceit, the officer personally guarantees the contract, or the third person is unaware of the corporation's existence. Consultants do not allege that any exception applies; therefore, manufacturer's motion to dismiss the two claims of breach of contract against Chad Bradbury and David Bradbury is granted.

Bradbury Co., Inc. v. Teissier-duCros, No. 03-1391-WEB, 2004 WL 3059542, *8 (D. Kan. Dec. 29, 2004)(citations omitted).

In this case, plaintiff has failed to allege any facts that would support an exception to the statute's requirements. Plaintiff asserts that upon discovery facts may become apparent that would support a finding of Baldwin's personal obligation to the corporation under a veil piercing theory.  (Doc. 13 at 2).  The statute makes clear, however, that a stockholder is not liable until a judgment has been returned unsatisfied.  Therefore, since plaintiff has failed to allege

-3-

Baldwin's personal participation in the alleged negligence and instead is relying solely on the theory that Baldwin will be held liable in the event his corporation is found liable <u>and</u> the veil is thereafter successfully pierced, it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief in this action. Therefore, defendant Baldwin's motion to dismiss is GRANTED.[2]

    IT IS SO ORDERED.

    Dated this <u>  17th  </u> day of August 2005, at Wichita, Kansas.

<u>s/ Monti Belot</u><br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also requests that the court should allow plaintiff to amend his complaint. Plaintiff's request is denied for failure to follow D. Kan. Rule 15.1.