GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LUTHER E. GARDNER,

                Plaintiff,

                              CIVIL ACTION

v.

                              No. 05-CV-02129-MLB-GLR

ENVIRO TECHNOLOGIES, INC., d/b/a
E.T.I. Global Solutions,

                Defendant.

## **ORDER**

This matter comes before the Court on Defendant's Motion to Compel discovery (doc. 23). Defendant requests that the Court enter an Order compelling Plaintiff to respond to written discovery requests served upon him on or about August 15, 2005. For the reasons discussed below, the Court denies the motion without prejudice to refiling.

**I.**    **Background**

This is a personal injury action in which pro se plaintiff Luther E. Gardner alleges to have sustained personal injuries on April 14, 2003, when the ladder he was using to unload cargo at Defendant's place of business slid and/or collapsed.

On August 15, 2005, Defendant served its First Interrogatories and Request for Production of Documents upon Plaintiff. On September 19, 2005, Defendant's counsel mailed a letter to Plaintiff seeking a response to the written discovery requests, to which Plaintiff has not responded. Defendant further states that no attempts have been made to contact Plaintiff personally because Plaintiff advised during the

Scheduling Conference that he has no telephone. Defendant filed this Motion to Compel discovery on October 12, 2005. To date, Plaintiff has not filed any response to Defendant's Motion to Compel.

## II. Discussion

Federal Rule of Civil Procedure 37(a) requires that a party moving to compel discovery include in its motion a certification that the movant has in good faith conferred or attempted to confer with the party in an effort to secure the discovery without court action. Similarly, D. Kan. Rule 37.2 provides that "[t]he Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[1] A "reasonable effort to confer" means more than mailing, telefaxing, or e-mailing a single letter to the opposing party; "[i]t requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[2]

Here, Defendant's motion indicates states that Defendant's counsel sent a single letter to Plaintiff requesting complete responses to Defendant's discovery requests and that Plaintiff did not respond to the letter. The motion further states that no attempts have been made to contact Plaintiff personally because Plaintiff advised during the Scheduling Conference that he has no telephone.

The Court finds that Defendant's assertion that it sent one letter to Plaintiff does not satisfy its duty to confer under Federal Rule of Civil Procedure 37(a) and D. Kan. Rule 37.2. The Court will therefore

---

[1] D. Kan. Rule 37.2.

[2] *Id.*  *See also Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County & and Kan. City,* Kan., 192 F.R.D. 698, 700 (D. Kan. 2000).

deny Defendant's Motion to Compel. Said denial shall be *without prejudice* to Defendant refiling the motion after Defendant has made further efforts to confer with Plaintiff regarding the outstanding discovery requests.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (doc. 23) is denied *without prejudice* to Defendant refiling the motion after Defendant has satisfied its duty to confer under Federal Rule of Civil Procedure 37(a) and D. Kan. Rule 37.2.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 13th day of December, 2005.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:   All counsel and pro se parties