GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LUTHER E. GARDNER,

                Plaintiff,

v.

                                  CIVIL ACTION

                                  No. 05-2129-MLB-GLR

ENVIRO TECHNOLOGIES, INC., d/b/a
E.T.I. Global Solutions,

                Defendant.

## **ORDER**

This matter comes before the Court on Defendant's Renewed Motion to Compel (doc. 27). Defendant requests that the Court enter an Order compelling *pro se* Plaintiff to respond to written discovery requests served upon him on or about August 15, 2005 and to provide his Fed. R. Civ. P. 26(a)(1) disclosures. As discussed below, Defendant's renewed motion will be granted.

**I.    Background**

This is a personal injury action in which Plaintiff Luther E. Gardner alleges to have sustained personal injuries on April 14, 2003, when the ladder he was using to unload cargo at Defendant's place of business slid and/or collapsed. Plaintiff, who at that time was represented by counsel, filed his Complaint on April 1, 2005. Plaintiff's counsel thereafter sought leave to withdraw from the case. The Court granted counsel's motion to withdraw on August 19, 2006.

On August 15, 2005, Defendant served its First Interrogatories and Request for Production of Documents upon Plaintiff. Defendant filed a Motion to Compel discovery on October 12, 2005. In that motion Defendant stated that on September 19, 2005 its counsel mailed a letter to *pro se* Plaintiff seeking

a response to the written discovery requests, to which Plaintiff never responded. Defendant further stated that no attempts had been made to contact Plaintiff personally because Plaintiff advised during the Scheduling Conference that he has no telephone. On December 13, 2005, the Court denied Defendant's motion without prejudice based upon its finding that Defendant had not satisfied its duty to confer under Federal Rule of Civil Procedure 37(a) and D. Kan. Rule 37.2 prior to filing the motion. After making further attempts to confer with Plaintiff to resolve the matter, Defendant filed its Renewed Motion to Compel on January 3, 2006. To date, Plaintiff has not filed any response in opposition to Defendant's Renewed Motion to Compel.

## II.  Discussion

Federal Rule of Civil Procedure 37(a) requires that a party moving to compel discovery include in its motion a certification that the movant has in good faith conferred or attempted to confer with the party in an effort to secure the discovery without court action. Similarly, D. Kan. Rule 37.2 provides that "[t]he Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[1] A "reasonable effort to confer" means more than mailing, telefaxing, or e-mailing a single letter to the opposing party; "[i]t requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[2]

---

[1] D. Kan. Rule 37.2.

[2] *Id.  See also Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County & Kan. City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000).

Defendant states in its Renewed Motion to Compel that its counsel wrote Plaintiff on September 19, 2005 seeking responses to Defendant's First Interrogatories and Requests for Production. Defendant further states that its counsel wrote Plaintiff seeking his Rule 26(a)(1) disclosures on October 14, 2005, and again on December 15, 2005 seeking both his Rule 26(a)(1) disclosures and discovery responses. Defendant further states that none of the documents mailed to Plaintiff have been returned as undeliverable.

Based on the above-described efforts of Defendant to attempt to confer with Plaintiff, the Court finds that Defendant has made reasonable efforts to confer with Plaintiff concerning this discovery matter and has satisfied its duty to confer under Fed. R. Civ. P. 37(a) and D. Kan. Rule 37.2. The Court will therefore grant Defendant's Renewed Motion to Compel.

**IT IS THEREFORE ORDERED THAT** Defendant's Renewed Motion to Compel (doc. 27) is granted. **By March 7, 2006**, Plaintiff shall provide to Defendant the following information required by Fed. R. Civ. P. 26(a)(1):

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**IT IS FURTHER ORDERED THAT by March 7, 2006**, Plaintiff shall produce or make available for inspection and copying all documents responsive to Defendant's First Interrogatories and Request for Production of Documents in accordance with Fed. R. Civ. P. 34.

**IT IS FURTHER ORDERED THAT** Plaintiff shall show cause to the undersigned Magistrate Judge in a written pleading filed with the Court by **March 7, 2006**, why he should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), Defendant's reasonable expenses, including attorney's fees, incurred in making Defendant's Renewed Motion to Compel.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 7th day of February, 2006.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:   All counsel